Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7687 | **DATE** | 3/18/2002 |
| **CASE TITLE** | WILLIE ROBINSON vs. FRANK B. MARTIN, JR., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The Court grants defendants' motion for summary judgment [32-1]. Enter memorandum opinion and order. This case is terminated. All pending motions and schedules are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR date docketed 2002 | 51 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 19 2002

| | |
|---|---|
| WILLIE ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK B. MARTIN, JR., individually and )<br>as Chief of Police of Ford Heights, LEON )<br>HINES, SAMUEL LAWRENCE, and )<br>SALLY BENNETT, individually and as )<br>members of the Board of Fire and Police )<br>Commissioners for the Village of Ford )<br>Heights, Illinois, SILLIERINE BENNETT, )<br>individually and as Mayor of the Village )<br>of Ford Heights, Illinois, individually and )<br>as Trustees of the Village of Ford Heights, )<br>)<br>Defendants. ) | Judge Ronald A. Guzmán<br><br>99 C 7687 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Willie Robinson ("Robinson") filed suit against defendants, Frank Martin, Leon Hines, Samuel Lawrence, and Sally Bennett individually and as members for the Board of Fire and Police Commissioners for the Village of Ford Heights, Illinois, and Sillierine Bennett, individually and as Mayor of the Village of Ford Heights, Illinois and Trustees of the Village of Ford Heights under Title VII of the Civil Rights Act of 1964 alleging race discrimination, hostile work environment due to race discrimination, and retaliatory discharge, and for violation of his constitutional right to equal protection under 42 U.S.C. § 1983. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons stated below, defendants' motion is granted.

5/

## Facts

Plaintiff, Willie Robinson ("Robinson"), was hired in April 1997 as a part-time, probationary police officer with the Village of Ford Heights. (Pl.'s LR 56.1(b)(3)(A) ¶ 1.) The Village of Ford Heights employee handbook stated that the probationary period was 180 days. (*Id.*) Thus, Robinson's probationary period ended no later than October, 31, 1997. (*Id.*)

In September 1998, defendant Frank Martin ("Martin") met Robinson's Caucasian fiancé. (*Id.* ¶ 3.) Plaintiff Robinson and Defendant Martin are African American. (*Id.*) After this meeting, Martin began making racial and harassing remarks to Robinson based on Robinson's relationship with a Caucasian (*id.* ¶ 3) and on January 12, 1999, Martin suspended and effectively terminated Robinson. (*Id.* ¶ 4.)

Robinson requested a hearing from Ford Heights Board of Fire and Police ("The Board"). (*Id.*) The Board denied Robinson's request. (*Id.*) On March 26, 1999, plaintiff was terminated by the Board for failure to complete satisfactorily his probation period. (Defs.' LR 56.1(a)(3) ¶ 2.) Plaintiff sought review of this administrative decision in the Circuit Court of Cook County in an action entitled *Willie Robinson v. Village of Ford Heights*, 99 CH 04937. (*Id.* ¶ 3.) Plaintiff argued in his complaint to the Circuit Court that the Board had violated the specific rules and regulations regarding discharge, and had violated Robinson's rights to due process. (Defs.' Ex. A, Attached to Defs' LR 56.1(a)(3) ¶¶ 4, 5.)

The Circuit Court of Cook County agreed with plaintiff and reinstated Robinson as a police officer with the Village of Ford Heights. (Defs.' LR 56.1(a)(3) ¶¶ 3, 4.) Subsequently, the decision was affirmed in a ruling on defendant's Motion for Reconsideration (*id.* ¶ 5) and defendant's timely appeal was dismissed pursuant to Supreme Court Rule 309 (*id.* ¶¶ 6, 7).

Plaintiff Robinson then filed a complaint with this Court alleging Title VII violations and violations under 42 U.S.C. § 1983 ("section 1983").

### Discussion

Summary judgment is appropriate when "there is no genuine issue as to a material fact" and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue of material fact is one where on the evidence, a jury could decide in favor of the non-moving party on that issue. *Kennedy v. Children's Serv. Soc'y of Wis.*, 17 F.3d 980, 983 (7th Cir. 1994) *(quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding the motion, all facts and reasonable inferences will be construed in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Defendants have moved for summary judgment on the grounds that Robinson's federal action is precluded by the prior Illinois judgment. The doctrine of claim preclusion[1] promotes the conservation of judicial resources and prevents costly duplicative suits and inconsistent judgments. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion requires that a party or its privies litigate all issues and causes of actions that can be raised within a single suit. *Id.*

Under 28 U.S.C. § 1738 ("section 1738"), a federal court must look to the law of the state where the judgment was delivered to determine whether the judgment will have a preclusive effect. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Thus, since the Circuit

---

[1] The Restatement of Judgments now refers to the doctrine of "res judicata" as claim preclusion. *Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980). Sometimes "res judicata" is used to refer to both claim and issue preclusion doctrines. *Id.*

3

Court of Cook County rendered the decision to reinstate Robinson, Illinois claim preclusion law will determine whether the instant case is precluded. *See Walsh Constr. Co. v. Nat. 'l Union Fire Ins. Co.*, 153 F.3d 830, 832 (7th Cir. 1998); *see also Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir. 1997).

The Illinois doctrine of claim preclusion recognizes the need to reduce the strain on judicial resources and protect litigants from the burdens of repetitive litigation. *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984). The Illinois Supreme Court in *Hughey v. Industrial Commission*, 76 Ill. 2d 577, 582 (Ill. 1979), defined the doctrine of claim preclusion as follows:

> The conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein. This rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which could have been presented by the exercise of due diligence.

76 Ill. 2d. at 582. Therefore, a plaintiff must join all factually related claims into one suit, and incorporate all forms of relief sought. *Id.*

In order for claim preclusion to apply to a case, three requirements must be met. *River Park v. City of Highland Park*, 184 Ill. 2d 290, 302 (Ill. 1998). First, there must be a "final judgment on the merits rendered by a court of competent jurisdiction." *Id.* at 302. Second, there must be an "identity of cause of action." *Id.* Third, there must be an "identity of parties or their privies." *Id.*; *see also 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000).

In *River Park v. The City of Highland Park*, the Illinois Supreme Court expressly denounced the evidence test and adopted the transactional test as the test in Illinois for determining whether a suit was precluded. 184 Ill. 2d. at 310. The Illinois Supreme Court explained the transactional test

4

as focusing on the factual aspects of the case. *Id.* at 309. The issue under the transactional test is whether the cause of action arises "from a single group of operative facts," irrespective of the different theories of relief available to the plaintiff. *Id.* at 311.

In *River Park*, the plaintiff, a developer, filed an action in federal court pursuant to section 1983 when the City refused to rezone the land in accordance with plaintiff's plans. *Id.* at 296. The federal court dismissed plaintiff's section 1983 claim with prejudice for failure to state a violation of due process. *Id.* Subsequently, plaintiff filed a suit in the Circuit Court of Lake County alleging *inter alia* abuse of governmental power and tortious interference with business expectancy. *Id.* at 298. The Illinois Supreme Court affirmed the trial court's dismissal of all claims based on *res judicata*, and held that plaintiff's state court suit was precluded by the federal court's dismissal of the section 1983 claim. *Id.* at 316, 319.

In the instant case, the essence of plaintiff's argument is that the decision of the Circuit Court was not a decision on the merits of his discrimination claim, that plaintiff did not have a full and fair opportunity to litigate the issue, and that the state court action and the present action do not involve the same cause of action. (Pl.'s Mem. Opp'n Defs.' Mot. Summ. J. at 6.) Thus, plaintiff argues that claim preclusion would not apply because the first two requirements of the test are not met.

Turning to the first prong of the test, there must be a "final judgment on the merits rendered by a court of competent jurisdiction." *River Park*, 184 Ill. 2d at 302. The doctrine of a final judgment is well-settled. *Green Tree Fin. Corp. v. Randolph*, 121 S. Ct. 513, 519 (2000). A final judgment is a judgment that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* (*quoting Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

In plaintiff's complaint to the Circuit Court of Cook County, he requested that the Circuit Court reverse the findings of the Board as violative of plaintiff's due process rights, and asked the court to reinstate plaintiff. (Defs' LR 56.1(a)(3) ¶¶ 5; Defs.' Ex. A.) The plaintiff argued that the Board had not followed the procedures regarding discharge in Rules and Regulations of the Ford Heights Police Department. (Defs' LR 56.1(a)(3) ¶ 4.) The Circuit Court of Cook County agreed with Plaintiff that due process was denied, and reinstated Plaintiff Robinson as a police officer with back pay to be determined by the Village Personnel Department. (*Id.* ¶¶ 2,3; Defs.' Ex. B.) Therefore, the Circuit Court of Cook County awarded Robinson all of the relief he requested in his complaint. Defendants appealed, and the decision was affirmed. A subsequent appeal was denied. (Defs.' LR 56.1(a)(3) ¶¶ 5, 6, 7.) The only thing remaining to be done in the case is execution of the judgment. *See Green Tree*, 121 S. Ct. at 519. Thus, the decision of the Circuit Court of Cook County was a final judgment on the merits, and the first prong of the test is satisfied.

The second prong of the test, an "identity of cause of action," is also satisfied. *River Park*, 184 Ill. 2d at 302. Under Illinois preclusion law, claim preclusion extends to not only matters actually decided by the court, but also to claims that should have been brought but were not. *Hagee*, 729 F.2d at 514. Since the federal and state governments have concurrent jurisdiction over Title VII claims, *Yellow Freight System Inc. v. Donnelly*, 494 U.S. 820, 840 (1990), section 1738 requires the preclusion of Title VII claims when a state court judgment would be given preclusive effect under state law. *Pirela v. Village of N. Aurora*, 935 F.2d 909, 911 (7th Cir. 1991).

In *Pirela*, plaintiff, a police officer, filed a discrimination complaint against the Village of North Aurora with the Equal Employment Opportunity Commission. *Id.* at 910. Before plaintiff could bring formal charges, the police department charged plaintiff with five violations of the Rules

6

and Regulations. *Id.* Pirela was found guilty on four of the violations and was discharged. *Id.* Plaintiff filed a complaint for administrative review with the Circuit Court of Kane County, Illinois. Before the Circuit Court, plaintiff only argued that the Board's decision was against the manifest weight of evidence, and did not argue any discrimination claims. *Id.* The Circuit Court affirmed the Board's dismissal. *Id.* Subsequently, plaintiff filed a Title VII claim with the federal district court. *Id.* The Seventh Circuit affirmed the district court's grant of summary judgment on plaintiff's discrimination claims and held that plaintiff's failure to litigate the discrimination claims before the Board or on administrative review did "not insulate [his] claims from the effects of *res judicata*." *Id.*

In the case at bar, like in *Pirela*, plaintiff should have joined his discrimination claims along with his claim for reinstatement and back-pay because the discrimination claims were a part of the same transaction or occurrence. Plaintiff's argument that "per force of logic, no relevant or material facts, nor any transaction or factual situations related to unsatisfactory performance during a probationary period could have anything to do with the alleged discriminatory conduct of Defendant" misunderstands the application of claim preclusion. (Pl.'s Mem. Opp'n. Defs.' Mot. Summ. J. at 7.) In fact it is just the opposite, plaintiff's claims of discrimination were relevant to counter defendant Martin's dismissal of Robinson. (Pl.'s LR 56.1(b)(3)(A) ¶ 4.) Thus, the second prong of the test, identity of cause of action is also met.

Plaintiff's reliance on *Jones v. City of Alton*, 757 F.2d 878 (7th Cir. 1985) is misplaced. In *Jones*, plaintiff, an African American police officer, was discharged after plaintiff was apprehended in a store parking lot for shoplifting. *Id.* at 880. At plaintiff's hearing with the Civil Service Commission of the City of Alton, plaintiff tried to introduce evidence that similarly situated white

7

officers, with equal or greater offenses than plaintiff's, were not recommended for discharge. *Id.* The Commission denied plaintiff the opportunity to present this evidence. *Id.* The Circuit Court of Madison County affirmed, limiting its review to whether the decision was against the weight of the evidence. *Id.* at 881. The Circuit Court did not allow plaintiff to present his discrimination evidence. *Id.* The Illinois Appellate Court affirmed and the Illinois Supreme Court dismissed plaintiff's petition for appeal. *Id.* at 883.

Subsequently, after obtaining his right to sue letter from the Equal Employment Opportunity Commission, the plaintiff in Alton filed suit in the federal district court alleging *inter alia* discrimination and disparate treatment. *Id.* The district court dismissed the action as barred by *res judicata*. *Id.* The Seventh Circuit reversed the district court, and held that plaintiff's discrimination causes of action were not barred by the Illinois judgments because plaintiff had a right to raise these claims. *Id.* at 887. Since plaintiff was denied a full and fair opportunity to present his discrimination claims, the claims were properly before the district court. *Id.*

Plaintiff's case is distinguishable from *Jones v. City of Alton*. Unlike the plaintiff in *Jones*, Robinson did not try to introduce evidence of race discrimination in the state court proceeding. (Defs' LR 56.1(a)(3) ¶¶ 4,5; Defs.' Ex. A.) Accordingly, in the instant case, the Circuit Court did not prevent Robinson from raising his discrimination claims or deny him a full and fair opportunity to present such claims. As discussed above, the doctrine of claim preclusion applies to those claims that were raised in the prior suit as well as those that should have been raised in the prior action. *Hagee*, 729 F.2d at 514. Since plaintiff's race discrimination claims are a part of the same transaction as plaintiff's due process claim, plaintiff should have raised the discrimination in the

8

state court proceeding. Therefore, the second prong is met, and Robinson's state court proceeding precludes plaintiff's present federal action.

Finally, the third prong of the test, "identity of parties or their privies" is met. *River Park*, 184 Ill. 2d. at 302. Plaintiff named identical defendants in both his state and federal actions. (Defs' LR 56.1(a)(3) ¶ 1; Defs.' Ex. A.)

In sum, all three requirements for claim preclusion are satisfied. Because Robinson should have joined his discrimination claims in his state action for reinstatement, plaintiff's discrimination claims are barred by the doctrine of claim preclusion.

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [doc. no. 32-1].

**SO ORDERED**  **ENTERED:** 3/18/02

_____
HON. RONALD A. GUZMAN
**United States Judge**